Timothy ERNLE, Petitioner–Appellant,

v.

Shawn ANBLOD, United States Probation Officer, United States Probation Office, Western District of New York, Defendant–Appellee.

No. 03–2100.

United States Court of Appeals, Second Circuit.

Oct. 8, 2003.

Timothy Ernle, Rome, NY, pro se.

Gail Y. Mitchell, Assistant United States Attorney, Douglas W. Thiessen, United States Parole Commission, for Michael A. Battle, United States Attorney for the

Western District of New York, Buffalo, NY, for Appellee.

Present: JACOBS, LEVAL, and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Timothy Ernle ("Ernle") appeals from the denial of his petition for a writ of habeas corpus by the United States District Court for the Western District of New York (Curtin, J.). According to Ernle, he is entitled to discharge from his sentence under 18 U.S.C. § 4210(e).

Ernle's habeas petition, filed pursuant to 28 U.S.C. § 2241, challenges issuance of a parole violator warrant by the United States Parole Commission ("the Commission") in April 2002. Ernle contends on appeal that his nine-year sentence imposed in 1981 should have run concurrent to his fifteen-year sentence imposed in 1986 and therefore expired on March 3, 2000 and that the district court aggregation of his 1981 and 1986 sentences disregarded previous interpretations of 18 U.S.C. § 4161 by the Federal Bureau of Prisons and was an *"ex post facto* application of Title 18 U.S.C. § 3584(c)" that violated Ernle's due process rights. Ernle also claims that "a parole violation warrant must indicate the sentence" and that, because his parole violation warrant mentioned only his nine-year sentence, the warrant did not provide a basis for revocation of parole on his fifteen-year sentence.

We affirm the district court's rulings that: (1) the issuance of the parole violator warrant occurred prior to expiration of both of Ernle's sentences and preserved jurisdiction of the Commission to revoke his parole under both sentences, even after their terms had expired; (2) the Commission's administrative oversight in failing to mention his fifteen-year sentence in the parole violator warrant did not violate any of Ernle's rights or deprive him of any notice to which he was entitled.

We have considered Ernle's remaining claims, including government estoppel, and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**